UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Marks 3-Zet-Ernst Marks GmbH & Co.KG

    v.                              Civil No. 05-cv-121-JD
                                    Opinion No. 2005 DNH 118
Presstek, Inc.


O R D E R

Marks 3-Zet-Ernst Marks GmbH & Co.KG filed a petition to compel Presstek, Inc., to arbitrate their dispute under the terms of their agreement, the New York Convention, and the Federal Arbitration Act ("FAA"). Presstek moves to dismiss the petition, pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that the court lacks subject matter jurisdiction over the case based on Marks's previous attempt to arbitrate before the Permanent Court of Arbitration ("PCA") at The Hague. Marks objects to the motion.


Standard of Review

"Under [Rule] 12(b)(1), a party may contest the court's subject matter jurisdiction by challenging the allegations in the complaint as insufficient on their face or by questioning the accuracy of those allegations." Hernandez-Santiago v. Ecolab, Inc., 397 F.3d 30 33 (1st Cir. 2005). When the defendant challenges the sufficiency of the plaintiff's factual

allegations, the court accepts "the plaintiff's version of the relevant events, taking the well-pleaded facts as true and drawing all reasonable inferences in favor of the pleader." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 365 (1st Cir. 2001). If the accuracy of the plaintiff's facts is challenged, however, the court may consider supplemental materials extrinsic to the complaint and engage in preliminary fact finding. Skwira v. United States, 344 F.3d 64, 71-72 (1st Cir. 2003); Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

Background

Marks alleges it entered an agreement with Presstek in November of 2000 for selling and distributing Presstek products and that Presstek attempted to terminate the agreement prematurely, in 2002. After the parties were unable to resolve their dispute, Marks terminated the agreement. Marks issued notices of arbitration of the dispute in November of 2002 and March of 2003.

When Presstek failed to respond to the second notice of arbitration, Marks contacted the Permanent Court of Arbitration ("PCA") in The Hague to begin arbitration proceedings there. Marks alleges that "[t]he President of the PCA subsequently concluded that the application of the Uncitral Rules to the

Agreement was not appropriate and gave no further opinion with respect to the Agreement." Petition ¶ 14.  Marks states that it then issued a third notice of arbitration to Presstek in March of 2004 requesting arbitration under the Netherlands Arbitration Act and that Presstek failed to respond.

Marks filed this petition pursuant to the Convention on the recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), reprinted at 9 U.S.C. § 201, and the FAA.  It seeks to compel arbitration of its dispute with Presstek under a provision titled "Applicable Law and Jurisdiction" that provides: "Any dispute or difference between the Parties arising out of or relating to this Agreement which cannot be settled amicably shall be referred to and determined by arbitration in the Hague under the International Arbitration rules."  Marks alleges that the circumstances satisfy the requirements for arbitration under the New York Convention and asks that Presstek be ordered to arbitrate the dispute at The Hague under "the American Arbitration Act's International Rules."  Pet. ¶ A.

In its motion to dismiss, Presstek contests Marks's version of the proceedings before the PCA in The Hague.  Presstek submits copies of the letters that constitute part of the record of that proceeding.  The letters show that Marks requested the PCA to designate an appointing authority to address its requested

3

arbitration proceeding.  The PCA responded to the request in a letter dated August 4, 2003, by explaining that "[t]he Secretary-General of the PCA routinely designates Appointing Authorities and acts as Appointing Authority under the UNCITRAL Arbitration Rules, and under other procedural rules and treaty mechanisms. Prior to acting in such matters, the Secretary-General first satisfies himself, on the basis of a prima facie screening of the documentation submitted by the parties, that he is competent to act."  The letter then directed Presstek as the respondent to "provide its comments with respect to Claimant's request."

    Presstek, through counsel, first responded that the arbitration provision in the parties' agreement was too vague to support the jurisdiction of the PCA to arbitrate the dispute because that provision referred to "International Arbitration rules" rather than the UNCITRAL Arbitration Rules.  Counsel for Presstek then provided a legal memorandum to support Presstek's view that the arbitration provision was ambiguous, preventing the PCA from exercising its jurisdiction over the arbitration proceeding.  On October 21, 2003, a letter notified the parties that the Secretary-General could designate an Appointing Authority under the UNCITRAL Arbitration Rules only if the parties had agreed to arbitration under those rules and that he was "not satisfied, on the basis of a prima facie screening of

4

the documentation submitted by the parties, that he is competent to act in this matter.  The parties remain free to seek the interpretation of their arbitration agreement from any court having jurisdiction."

## Discussion

Presstek contends that the October 21, 2003, letter from the PCA was an "award" within the meaning of the New York Convention and that this court lacks jurisdiction to vacate, modify, or suspend that award by providing the relief that Marks seeks here. Alternatively, Presstek argues that if the PCA failed to make a final award by refusing to proceed, then the relief Marks seeks is time barred under 9 U.S.C. §§ 10 and 12.  Marks responds that no award was made by the PCA so that its action here is not barred by the prior proceedings.

"The New York Convention provides a carefully structured framework for the review and enforcement of international arbitral awards."  <u>Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara</u>, 364 F.3d 274, 287 (7th Cir. 2004). Except in unusual circumstances, review of arbitral awards must be sought in the country where the award was made.  <u>Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara</u>, 335 F.3d 357, 364 (5th Cir. 2003).  Some issues, however, are not

addressed in the New York Convention, and the Convention is implemented and interpreted through the FAA to the extent its provisions are not inconsistent with the Convention.  See 9 U.S.C. § 203.

Presstek acknowledges that the New York Convention does not define the term "award."  See, e.g., Publicis Commc'n v. True North Commc'ns Inc., 206 F.3d 725, 728-29 (7th Cir. 2000) (discussing nature of "award" under Convention and FAA). Presstek argues that the term includes the circumstance when "the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).  Based on that definition of award, Presstek insists that the PCA's letter of October 21, 2003, was an "award" that cannot be reviewed or modified here.  Marks counters that in this case no arbitrators ever considered the dispute so that they neither made an award nor failed to make an award.  Instead, Marks contends, only a preliminary decision was made that the PCA lacked jurisdiction.

Marks is correct that based on the record presented here no arbitrators were ever appointed to consider the parties' dispute. As a result, the jurisdictional question was not decided by arbitrators.  The October 21, 2003, letter explaining that the PCA lacked jurisdiction to act in the matter was not an "award"

within the meaning of either the New York Convention or the FAA.

Therefore, the jurisdictional issues Presstek raises, which depend upon the existence of a previous "award," are without merit.  Nevertheless, the October 21, 2003, letter demonstrates that the PCA has determined that it lacks jurisdiction to consider this matter.  It would appear that Marks's petition seeking an order compelling arbitration before the PCA is moot, based on that prior determination.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to dismiss (document no. 8) is denied.  The plaintiff shall file a memorandum not to exceed fifteen pages **on or before September 1, 2005,** to show cause why this action should not be dismissed as moot.  The defendant shall have **ten days** from the date the memorandum is filed to file its response.

SO ORDERED.

                                                              _____
                                                              Joseph A. DiClerico, Jr.
                                                              United States District Judge

August 9, 2005

cc:  Kevin M. Fitzgerald, Esquire
     John E. Friberg, Jr., Esquire
     James D. Rosenberg, Esquire
     Arpiar G. Saunders, Jr., Esquire