UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Marks 3-Zet-Ernst Marks GMBH & Co.KG</u>

    v.                              Civil No. 05-cv-121-JD

<u>Presstek, Inc.</u>


<u>O R D E R</u>

Marks 3-Zet-Ernst Marks GmbH & Co.KG filed a petition to compel Presstek, Inc., to arbitrate their dispute under the terms of their agreement, the New York Convention, and the Federal Arbitration Act. Presstek moved to dismiss the petition, pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that the court lacks subject matter jurisdiction over the case based on Marks's previous attempt to arbitrate before the Permanent Court of Arbitration ("PCA") at The Hague. The court denied Presstek's motion on the grounds it had raised but found that the PCA's initial ruling raised an issue of the justiciability of Marks's petition. The court ordered Marks to show cause why its petition should not be dismissed as moot and provided Presstek an opportunity to respond.[1]

This court must resolve an issue of subject matter

---

[1] In its response, Presstek raises a new theory to support its previously-denied motion to dismiss. That argument is not considered here.

jurisdiction before reaching the merits of a case.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998).  Once jurisdiction is at issue, the party invoking federal jurisdiction, which is Marks in this case, bears the burden of showing that it exists.  United Parcel Serv. v. Flores-Galarza, 385 F.3d 9, 15 (1st Cir. 2004); Destek Group, Inc. v. N.H. Pub. Util. Comm'n, 318 F.3d 32, 37 (1st Cir. 2003).

A federal court is not authorized to issue advisory opinions.  See Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003).  The court avoids advisory opinions by only adjudicating cases that present a live controversy between the parties.  See Steir v. Girl Scouts of U.S.A., 383 F.3d 7, 16 (1st Cir. 2004).  "Another way of putting this is that a case is moot when the court cannot give any effectual relief to the potentially prevailing party."  Horizon Bank & Trust Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004); see also Hewitt v. Helms, 432 U.S. 755, 761 (1987) ("[W]hat makes [a decision] a proper judicial resolution of a 'case or controversy' rather than an advisory opinion [] is the settling of some dispute which affects the behavior of the defendant towards the plaintiff.")  Whether the jurisdictional issue in this case is characterized as mootness or the lack of a justiciable case or controversy, it is an issue that must be resolved before the court proceeds.

Marks's previous attempt at arbitration ended when the PCA issued its letter on October 21, 2003. That letter notified the parties that the Secretary-General of the PCA could designate an Appointing Authority under the UNCITRAL Arbitration Rules only if the parties had agreed to arbitration under those rules and that he was "not satisfied, on the basis of a prima facie screening of the documentation submitted by the parties, that he is competent to act in this matter.[2] The parties remain free to seek the interpretation of their arbitration agreement from any court having jurisdiction."

It appears from that letter that the PCA will designate an "Appointing Authority" and proceed with arbitration <u>only</u> if the parties have agreed to arbitrate under the UNCITRAL Arbitration Rules. Marks does not even suggest that the parties agreed to the UNCITRAL Arbitration Rules. Instead, Marks asserts that its failure to designate the governing rules in the arbitration agreement is not fatal to enforcement of the agreement to arbitrate and that this court must "specify the controlling rules for the arbitrate [sic]" and order arbitration before the PCA.

---

[2]UNCITRAL is the acronym for the United Nations Commission on International Trade Law which has issued arbitration rules. <u>See</u> <u>Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 633 n.17 (1985); <u>Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara</u>, 364 F.3d 274, 282 (5th Cir. 2004).

Response at 7.

Marks is proceeding in this court under a "Petition to Compel Arbitration Pursuant to the New York Convention and the Federal Arbitration Act."  In the Petition, Marks alleged that it requested the PCA to designate an appointing authority in order to begin arbitration proceedings but that "[t]he President of the PCA subsequently concluded that the application of the Uncitral Rules to the Agreement was not appropriate and gave no further opinion with respect to the Agreement."  Pet. ¶ 14.  Marks did not include any allegations as to the meaning of the parties' agreement with respect to which arbitration rules would apply.  Marks also did not plead a claim seeking to interpret the agreement to determine which arbitration rules would apply.  In the demand for relief, however, Marks requested that the court "order such arbitration to proceed under the American Arbitration Act's International Rules."  Pet. ¶ A.  Given the PCA's determination that it will proceed with arbitration only if the parties have agreed to the UNCITRAL arbitration rules, the relief Marks seeks, an order requiring Presstek to arbitrate their dispute at the PCA under the American Arbitration Act's International Rules, is unavailable.[3]

---

[3]Presstek states that the arbitration agreement in the parties' contract specified the use of "International Arbitration

Because the court cannot provide any effectual relief in this case, the court lacks subject matter jurisdiction to proceed.

## Conclusion

For the foregoing reasons, the case is dismissed for lack of subject matter jurisdiction.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 20, 2005

cc: Kevin M. Fitzgerald, Esquire
    John E. Friberg, Esquire
    James D. Rosenberg, Esquire
    Arpiar G. Saunders, Jr.

---

rules."  Presstek represents that it has researched the issue of international arbitration rules and has found many different sets of rules but none that were titled "American Arbitration Act's International Rules" or merely "International Arbitration rules."  The court's own review of case law found no reference to the "American Arbitration Act's International Rules."